FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 09, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONY C., | No. 4:20-CV-05122-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 21, 23. Attorney Chad Hatfield represents Tony C. (Plaintiff); Special Assistant United States Attorney Christopher Brackett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on November 7, 2016, alleging disability beginning December 1, 2012, due to spasms in the scrotum from hernia surgery and depression. Tr. 76, 182. The application was denied initially and upon reconsideration. Tr. 106-14, 119-21. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on April 17, 2019, Tr. 41-75, and issued an unfavorable decision on September 4, 2019. Tr. 15-26. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on May 28, 2020. Tr. 1-5. The ALJ's September 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 28, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1970 and was 46 years old when he filed his application. Tr. 25. He has a ninth-grade education and has worked in retail and warehousing. Tr. 199, 251. In 2012 he had hernia surgery for an on-the-job injury. Tr. 667-68. Following surgery, he continued to report severe debilitating pain in his groin. Tr. 668-72. Providers have been unable to determine a physiological basis for his pain and have diagnosed him with a somatic symptom disorder. Tr. 45-47.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

1    defined as being more than a mere scintilla, but less than a preponderance. *Id*. at
2    1098. Put another way, substantial evidence is such relevant evidence as a
3    reasonable mind might accept as adequate to support a conclusion. *Richardson v.*
4    *Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one
5    rational interpretation, the Court may not substitute its judgment for that of the
6    ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*,
7    169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the
8    administrative findings, or if conflicting evidence supports a finding of either
9    disability or non-disability, the ALJ's determination is conclusive. *Sprague v.*
10   *Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision
11   supported by substantial evidence will be set aside if the proper legal standards
12   were not applied in weighing the evidence and making the decision. *Brawner v.*
13   *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

14
15          The Commissioner has established a five-step sequential evaluation process
16   for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v.*
17   *Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant
18   bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d
19   at 1098-1099. This burden is met once a claimant establishes that a physical or
20   mental impairment prevents the claimant from engaging in past relevant work. 20
21   C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ
22   proceeds to step five, and the burden shifts to the Commissioner to show (1) the
23   claimant can make an adjustment to other work; and (2) the claimant can perform
24   specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec.*
25   *Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an
26   adjustment to other work in the national economy, the claimant will be found
27   disabled. 20 C.F.R. § 416.920(a)(4)(v).
28   ///

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

**ADMINISTRATIVE DECISION**

On September 4, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-26.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder and somatic symptom disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform sedentary work, with the following additional limitations:

> He cannot climb ladders, ropes, and scaffolds; he can only occasionally perform all other postural activities; he cannot have concentrated exposure to vibrations or hazards, such as unprotected heights and moving mechanical parts; he is limited to simple routine tasks with a reasoning level of 2 or less; he can have only occasional, superficial contact with coworkers and supervisors; he can have no contact with the public; and he requires a routine, predictable work environment with no more than occasional changes and no fast-paced work.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a warehouse worker. Tr. 25.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of stuffer and dowel inspector. Tr. 25-26.

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

1   The ALJ thus concluded Plaintiff was not under a disability within the
2   meaning of the Social Security Act at any time from the application date through
3   the date of the decision. Tr. 26.

### ISSUES

5   The question presented is whether substantial evidence supports the ALJ's
6   decision denying benefits and, if so, whether that decision is based on proper legal
7   standards.

8   Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion
9   evidence; (2) failing to find certain impairments severe at step two; (3) improperly
10  rejecting Plaintiff's subjective complaints and the lay witness testimony; and (4)
11  making unsupported step five findings.

### DISCUSSION

### 1.   Plaintiff's symptom statements

14  Plaintiff alleges the ALJ erred in rejecting his symptom testimony without
15  providing adequate reasons. ECF No. 21 at 18-20.

16  It is the province of the ALJ to make determinations regarding a claimant's
17  subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).
18  However, the ALJ's findings must be supported by specific cogent reasons.
19  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative
20  evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony
21  must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281
22  (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

23  The ALJ found Plaintiff's medically determinable impairments could
24  reasonably be expected to cause some of the alleged symptoms; however, he found
25  Plaintiff's statements concerning the intensity, persistence and limiting effects of
26  his symptoms were not entirely consistent with the medical evidence and other
27  evidence in the record. Tr. 21. Specifically, the ALJ found Plaintiff's allegations to
28  be undermined by the lack of supportive objective findings, evidence of

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

improvement in his mental health with medication and counseling, the findings of the Cooperative Disability Investigations Unit (CDIU), and other red flags of low motivation to work and a willingness to magnify symptoms. Tr. 21-22.

Plaintiff argues the ALJ was incorrect in finding a lack of support from the objective evidence, especially in light of the psychogenic component to his pain, and asserts the ALJ gave undue weight to the CDIU report. ECF No. 21 at 18-20. Defendant argues the ALJ reasonably considered evidence of symptom magnification, improvement with conservative treatment, the CDIU report, and the lack of objective evidence in finding Plaintiff's complaints unsupported, and further notes that Plaintiff offered no arguments to the contrary for a number of the ALJ's reasons. ECF No. 23 at 3-9.

The Court finds the ALJ did not err. The ALJ identified clear and convincing reasons for discounting the extent of Plaintiff's allegations, including evidence of malingering and the observations of the CDIU investigators. While Plaintiff offers an alternative interpretation of the value of the investigators' report, the ALJ's interpretation is reasonable and supported by substantial evidence. Furthermore, although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court finds the ALJ reasonably interpreted the record as lacking objective findings supportive of the extent of Plaintiff's allegations, pointing to normal findings throughout the record. Tr. 21-22. The ALJ's interpretation of the record is supported by substantial evidence.

The ALJ additionally discounted the similar reports of the third-party witness for the same reasons as he found Plaintiff's allegations to be inconsistent with the record. Tr. 22. When an ALJ gives valid reasons for discounting a claimant's reports, those reasons apply equally to similar lay witness testimony.

*Molina v. Astrue*, 674 F.3d 1104, 1119-20 (9th Cir. 2012). The ALJ did not err in disregarding the third-party's statements.

**2.      Medical opinion evidence**

Plaintiff argues the ALJ improperly weighed the opinion evidence. ECF No. 21 at 9-15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should generally give more weight to the opinion of a treating physician than to the opinion of an examining physician, and more weight to an examining source than a non-examining source. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). In evaluating the weight owed to opinions, the ALJ should consider the nature of the relationship, the supportability and consistency of the opinion, any specialization of the source, and other factors, such as the understanding of the disability programs and the source's familiarity with the case record. 20 C.F.R. § 416.927(c).

*a.  Dr. Jahnke, hearing medical expert*

At the hearing the ALJ called on the services of medical expert Lynne Jahnke, MD, to discuss Plaintiff's conditions and limitations. Tr. 45-53. Dr. Jahnke testified that she could identify no physical reason for Plaintiff's pain complaints and that his primary diagnosis appeared to be somatic symptom disorder. Tr. 45-47. Based on her review of the record she testified that Plaintiff's pain complaints appeared authentic, and her estimate as an internist was that he would likely miss four or more days of work per month. Tr. 51. She noted that somatic disorders are very difficult to treat, particularly after such a long duration of symptoms. *Id.*

The ALJ generally gave great weight to Dr. Jahnke's testimony regarding the lack of physical medically determinable impairments, but gave little weight to

her opinion that Plaintiff's somatic disorder was disabling. Tr. 23. Specifically, the ALJ noted Dr. Jahnke's own admission that this condition was outside her purview and field of expertise, and he further discussed the CDIU investigation that occurred after the hearing which showed Plaintiff behaving inconsistently with his allegations, while Dr. Jahnke specifically identified the absence of such inconsistencies when offering her opinion. *Id.*

Plaintiff argues the ALJ gave undue weight to the CDIU report over that of the medical expert and argues that Dr. Jahnke was the only doctor to evaluate both physical and mental limitations in combination in assessing Plaintiff's functional abilities. ECF No. 21 at 9-13. Defendant argues the ALJ reasonably found part of Dr. Jahnke's testimony to be outside of her area of expertise and reasonably considered additional evidence that contradicted the basis of the expert's testimony. ECF No. 23 at 9-12.

The Court finds the ALJ did not err. The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). An ALJ may reasonably consider the consistency of a medical opinion with the record as a whole. *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009). The ALJ found Dr. Jahnke's testimony to be undermined by the later-obtained evidence that indicated Plaintiff presented inconsistently at times, a factor that Dr. Jahnke was not aware of when she offered her opinion. While Plaintiff argues the ALJ afforded undue weight to the CDIU report, the Court finds the ALJ's interpretation was reasonable.

An ALJ may also consider the specialty and expertise of a source in assessing the weight due. 20 C.F.R. § 416.927(c). Dr. Jahnke testified that normally in this kind of situation she would defer to a psychologist, and answered "perhaps not" when asked if this was an area that she wanted to step into. Tr. 51.

The ALJ's discussion of Dr. Jahnke's testimony was reasonable and supported by substantial evidence.

### b. Dr. Eldering, consultative doctor

In May 2017, in connection with his worker's compensation claim, Plaintiff was sent to Dr. Steven Eldering for a consultative exam. Tr. 666-75. Dr. Eldering conducted a review of Plaintiff's medical records (Tr. 667-72) but was unable to examine Plaintiff due to his refusal to leave his wheelchair to sit on the exam table. Tr. 673. Dr. Eldering noted diagnoses of status post right inguinal hernia repair and persistent postoperative right groin pain, noting he was wheelchair bound and that it was "unlikely the claimant will ever get away from wheelchair use." Tr. 673-74. The ALJ gave this assessment no weight "since no examination was performed and there was otherwise no other basis for such an opinion." Tr. 23.

Plaintiff argues the ALJ erred in failing to acknowledge Dr. Eldering's comprehensive review of the medical records, which constituted the basis for his opinion. ECF No. 21 at 13-14. Defendant argues the ALJ reasonably found that the basis for Dr. Eldering's conclusions was unclear given the absence of any exam and the lack of explanation for his opinion that Plaintiff was wheelchair-bound. ECF No. 23 at 12-13.

The Court finds the ALJ did not err. The supportability of an opinion is a legitimate factor for an ALJ to consider, including the amount of explanation offered and the amount of supportive signs and laboratory findings cited by the source. 20 C.F.R. § 416.927(c)(3). The ALJ reasonably concluded that there was no basis for Dr. Eldering's opinion, as he did not perform an exam. While Plaintiff points to the comprehensive medical record review Dr. Eldering performed as supportive of the opinion, there is only one mention of Plaintiff using a wheelchair in the summary, six months prior to Dr. Eldering's visit with Plaintiff, and at a subsequent medical visit Plaintiff was noted to be walking with a cane. Tr. 672. The Court finds the ALJ's conclusion that there was no basis for Dr. Eldering's

opinion that Plaintiff was wheelchair-bound was a reasonable interpretation of the evidence.

   *c.*  *Dr. Turner*

   In 2018 Plaintiff was referred to Dr. Judith Ann Turner for a psychiatric evaluation and consideration for cognitive behavioral therapy for treatment of his pain. Tr. 710. Dr. Turner stated that Plaintiff was markedly disabled by his chronic pain, noting it would be difficult to substantially improve his disability without an intensive multidisciplinary rehabilitation program. Tr. 713. While the ALJ noted portions of Dr. Turner's notes, he did not specifically assign weight to her evaluation. Tr. 18-25.

   Plaintiff argues the ALJ erred in failing to address this probative evidence. ECF No. 21 at 14. Defendant argues statements from a medical provider that a person is disabled or unable to work do not qualify as medical opinions and are not owed any weight or deference. ECF No. 23 at 13. Defendant further notes that it was not clear Dr. Turner was discussing "disability" in terms of Social Security's definition, and that she indicated Plaintiff could have been financially motivated to present himself as disabled. *Id.*

   The Court finds no error. The Regulations make clear that medical source statements regarding issues reserved to the Commissioner, such as whether a person is disabled, are not medical opinions and are not due any special significance. 20 C.F.R. § 416.927(d). The ALJ did not err in failing to discuss Dr. Turner's assessment or assign it weight.

   *d.*  *ARNP Joshua Hughes*

   Joshua Hughes, ARNP, completed a DSHS physical functional evaluation in November 2016, in which he noted Plaintiff's chief complaints included inguinal hernia with pain to the right hip and scrotum. Tr. 544. He opined Plaintiff's groin pain was of moderate severity with respect to all physical activities, and that Plaintiff was unable to meet the demands of sedentary work for the next six

months. Tr. 545-46. The ALJ gave this opinion little weight, finding it internally inconsistent and noting exams in the record were unremarkable for any supportive findings. Tr. 23.

Plaintiff argues the ALJ's discussion was conclusory and failed to identify any actual inconsistency within the opinion. ECF No. 21 at 14-15. He further asserts the record contains exam findings that are consistent with the opinion, including impaired gait, weakness, muscle guarding, tenderness, and decreased range of motion. *Id.* Defendant argues the ALJ clearly identified the inconsistency, with it being unclear how a condition that caused only moderate impairment could render the patient incapable of performing any work. ECF No. 23 at 13-15. Defendant further argues the ALJ reasonably found the opinion inconsistent with the exams in the record, and that the abnormal findings Plaintiff pointed to were not cited by Mr. Hughes and are insufficient to render the ALJ's interpretation unsupported by substantial evidence. *Id.*

The Court finds the ALJ did not err. An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The supportability and consistency of a medical opinion are germane factors for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. §§ 416.927(c), 416.927(f). The ALJ reasonably found Mr. Hughes' opinion to be internally inconsistent, without explanation of how a moderate impairment led to complete inability to perform even sedentary work, and unsupported by exam findings.

**3.    Step two**

Plaintiff argues the ALJ erred in finding no severe physical impairments at step two.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20

C.F.R. § 416.920(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ did not err in finding no physical impairments to be medically determinable. The medical expert at the hearing testified there was no confirmed physiological basis for Plaintiff's pain. Tr. 47. The ALJ reasonably relied on this testimony. Despite this finding, the ALJ still credited Plaintiff's pain complaints to some extent in finding his somatic symptom disorder to be a severe impairment, and limited him to performing sedentary work. Plaintiff has not identified what additional limitations should have been included in the RFC to account for a different diagnostic basis for his pain. The ALJ's step two findings are supported by substantial evidence.

**4.    Step five**

Plaintiff argues that the ALJ erred in his step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 21 at 20. Plaintiff's argument is based on successfully showing that the ALJ erred in his treatment of the symptom statements and medical opinions. *Id*. Because the Court found that the ALJ did not harmfully err in his treatment of Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

symptom statements and the medical opinions, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 23**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 9, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE